KOPACKA, Appellant, v. DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS and another, Respondents.

*No. 216. Argued November 5, 1970.—Decided December 4, 1970.*
(Also reported in 181 N. W. 2d 487.)

256

For the appellant there was a brief by *David L. Walther,* and oral argument by *Mr. Walther* and *Mr. F. M. Van Hecke,* both of Milwaukee.

For the respondent Department of Industry, Labor & Human Relations the cause was argued by *Donald P. Johns,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

WILKIE, J. The only issue presented on this appeal is the proper construction of sec. 56.21, Stats. This statute provides:

"If an inmate of a state institution, in the performance of his assigned work is injured so as to permanently incapacitate him or materially reduce his earning power, he may, upon being released from such institution, either upon parole or upon final discharge, be allowed and

paid such compensation as the industrial commission finds him entitled to. He shall be compensated on the same basis as he would be had the injury been covered by the workmen's compensation act, except that the total paid to any such inmate shall not exceed $5,000 and may be paid in instalments. If the injury results from employment in a prison industry, the payment shall be made from the revolving appropriation for its operation. If there is no revolving appropriation, payment shall be made from the general fund."

There is no dispute as to the facts surrounding the injury, nor is there any dispute that appellant has some permanent disability in his right knee. The department did not determine the precise degree of disability since it dismissed the application because the injury was not compensable under the statute.

The workmen's compensation statute clearly states that, to be an employee for purposes of the statute, one must be in "the service of another under any contract of hire, express or implied . . . ," [1] and the same requirement applies to those rendering services to the state. [2] The general rule is that convicts are usually denied compensation for injuries received while doing prison work since there is no contract of hire. [3] Although this court has never addressed itself to this particular question, this was evidently the rule in Wisconsin as well. [4] Evidently the legislature felt this was the case since it created sec. 56.21, Stats., to specifically deal with the problem.

This statute provides that a prisoner may be compensated for injuries sustained "in the performance of his assigned work." The department determined that appellant's injury was not compensable since he was not

---

[1] Sec. 102.07 (4), Stats.

[2] Sec. 102.07 (1), Stats.

[3] 1A Larson, *Law of Workmen's Compensation* (1967), p. 759, sec. 47.31.

[4] *See, e.g.,* 11 Op. Atty. Gen. (1922), 426.

engaged "in the performance of his assigned work" when the injury occurred. The circuit court affirmed, stating:

". . . The legislature clearly intended to provide coverage to prisoners while they were engaged in 'productive' activities and certainly did not intend to cover situations created as a result of the prison environment and unrelated to any work activity."

Appellant urges that this construction is too narrow and seems to contend, in effect, that the issue of compensability under sec. 56.21, Stats., should be determined in essentially the same manner as it is under sec. 102.03, and that all constructions placed on sec. 102.03 apply to sec. 56.21 as well. This argument has little merit for four reasons.

*First,* the statute providing for compensation coverage to prisoners is found, not in ch. 102, Stats., the Workmen's Compensation Act, but in ch. 56, dealing with prison labor. Had the legislature intended ch. 102 to apply to prisoners as well, it would have been a simple matter to explicitly include prisoners under sec. 102.07 dealing with the definition of employee, wherein are specifically listed various workers who might not otherwise fit within the general definition of employee: *e.g.,* newsboys,[5] volunteer firemen and auxiliary policemen,[6] certain independent contractors,[7] and members of the national and state guards.[8]

*Second,* had the legislature intended the provisions of the Workmen's Compensation Act, especially sec. 102.03 and the construction placed thereon by this court, to apply to prisoners, it would have been a simple matter for it to have explicitly stated this intention in sec. 56.21. It did not do so.

[5] Sec. 102.07 (6), Stats.
[6] Sec. 102.07 (7), Stats.
[7] Sec. 102.07 (8), Stats.
[8] Sec. 102.07 (9), Stats.

Appellant contends that this is what the legislature intended to do. The second sentence of sec. 56.21, Stats., provides:

". . . He shall be compensated on the same basis as he would be had the injury been covered by the workmen's compensation act, except that the total paid to any such inmate shall not exceed $5,000 and may be paid in instalments."

The rest of the section designates the fund from which the payment might be made. Appellant points to the phrase "on the same basis" as evidencing a legislative intent to make the provisions of sec. 102.03, Stats., and consequently all of the relevant judicial constructions thereof, applicable to prisoners as well as statutory employees. We do not agree because:

1. The phrase is part of a sentence dealing specifically with the measure of compensation to be paid for compensable injuries; the rest of the section is related to method of payment rather than compensability.

2. The section specifically states that the provisions of the Workmen's Compensation Act do not apply:

"as he would be had the injury been covered by the workmen's compensation act, except . . . ."

This language clearly contemplates first establishing the fact of compensability under sec. 56.21, Stats., and then proceeding to "compensate" the injured prisoner "as he would be had the injury been covered by the workmen's compensation act."

3. Significantly different and very explicit and comprehensive language was used in ch. 102, Stats., to indicate that the same standards of compensability are to be applied to public employees as to private employees:

". . . it is the policy of the state that the benefits of this chapter shall extend and be granted to employes in the service of the state or of any municipality therein on the same basis, in the same manner, under the same con-

ditions, and with like right of recovery as in the case of employes of persons, firms or private corporations. Accordingly, the same considerations, standards, and rules of decision shall apply in all cases in determining whether any employe under this chapter, at the time of the injury, was performing service growing out of and incidental to his employment." [9]

Had the legislature intended the same "considerations, standards, and rules of decision" to apply to prisoners as apply to statutory employees under the Workmen's Compensation Act, it evidently would have so stated as it did in sec. 102.03 (1) (c) 2, Stats.

*Third,* the legislature used language in sec. 56.21, Stats., which is significantly different from that used in sec. 102.03. In sec. 56.21 the legislature provides compensation "[i]f an inmate of a state institution, *in the performance of his assigned work* is injured . . . ." In sec. 102.03, however, the legislature states as a condition of compensability that, at the time of the injury, "The employe is performing service *growing out of and incidental to his employment."*

This difference in phraseology is significant not only because it evidences a clearly different intention on the part of the legislature, but also because nearly all of the various cases which adopt and apply the various doctrines which might apply to appellant—*e.g.,* positional risk, personal comfort, etc.—are a result of this court's construction of the specific language found in sec. 102.03 (1) (c), Stats., *i.e.,* "performing service growing out of and incidental to his employment." [10] Simi-

---

[9] Sec. 102.03 (1) (c) 2, Stats.

[10] *E.g.,* ". . . An act which ministers to the employee's comfort while on the job is not such deviation because it is incidental to, and not wholly apart from, the employment." *Krause v. Western Casualty & Surety Co.* (1958), 3 Wis. 2d 61, 73, 87 N. W. 2d 875; *American Motors Corp. v. Industrial Comm.* (1957), 1 Wis. 2d 261, 265, 83 N. W. 2d 714 (personal comfort); *Racine Rubber Co. v. Industrial Comm.* (1917), 165 Wis. 600, 162 N. W. 664.

larly with the courts of other jurisdictions having statutes containing the more common phrases "arising out of" and "in the course of" employment.[11]

*Fourth,* the various policy considerations involved in extending coverage to statutory employees in situations where they are not actually engaged in productive activity at the time of their injuries do not exist in the case of prisoners. In an ordinary employment situation there is far more freedom permitted the employee as a free agent than is permitted the prisoner.

We conclude that the order of the department (affirmed by the circuit court) dismissing the application of appellant because he was not engaged in the "performance of his assigned work" is a reasonable interpretation and application of sec. 56.21, Stats.

*By the Court.*—Judgment affirmed.

[11] *See, e.g.,* cases cited in *Krause v. Western Casualty & Surety Co., supra,* footnote 10, at page 70.