**Ronald TACKETT, Appellant,**

v.

**LAGRANGE PENITENTIARY et al., Appellees.**

Court of Appeals of Kentucky.

June 6, 1975.

W. David Klingman, Frockt & Benovitz, Louisville, for appellant.

Ed W. Hancock, Atty. Gen., Lloyd R. Edens, Asst. Atty. Gen., Frankfort, James M. Graves, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellees.

VANCE, Commissioner.

Appellant, Ronald Tackett, while confined in a state prison and working in a prison industry, suffered an injury to his body. He was receiving compensation at the rate of fifteen cents per hour for the work at the time of the injury. His claim for Workmen's Compensation was dismissed upon the ground that he was not an employee of the state. He appeals.

The only issue presented is whether KRS 342.640(1), (3) provide Workmen's Compensation coverage to inmates of state prisons. Those sections provide coverage to the following:

"(1) Every person, including a minor, whether lawfully or unlawfully employed, in the service of an employer under any contract of hire or apprenticeship, express or implied, and all helpers and assistants of employes whether paid by the employer or employe, if employed with the knowledge, actual or constructive, of the employer.

"* * *.

"(3) Every person in the service of the state or of any political subdivision or agency thereof, or of any county, city of any class, school district, drainage district, tax district, public or quasi-public corporation or other political entity, under any contract of hire, express or implied, and every official or officer thereof, whether elected or appointed, while performing his official duties. Every person who is a member of a volunteer fire or police department shall be deemed for the purposes of this chapter, to be in the employment of the political subdivision of the state where the department is organized. Every person who is a regularly enrolled volunteer member or trainee of the civil defense corps of this state as established under KRS chapter 39, shall be deemed for the purposes of this chapter, to be in the employment of this state. Every person who is a member of the Kentucky national guard, while said member is on active state service shall be deemed for the purposes of this chapter to be in the employment of this state. * * *."

The basic ingredient of compensable employment under the Act is a contract of hire, express or implied. Most states which have considered the question of workmen's

compensation coverage for inmates while working within the prison have denied the coverage. The reason given is that such a convict cannot and does not enter into a true contract of hire with the authorities by whom he is confined. The inducements which might be held out to him in the form of extra food or even money are in no sense consideration for an enforceable contract of hire. 1A Larson's Workmen's Compensation Law, Section 47.31 and cases cited therein. Also see Frederick v. Men's Reformatory, Iowa, 203 N.W.2d 797 (1973); Abrams v. Madison County Highway Department, Tenn., 495 S.W.2d 539 (1973), in which the same result was reached.

Prison labor is the very antithesis of voluntary employment. Prisoners do not enter prison for the purpose of seeking employment, and providing employment for them is not the primary purpose of their incarceration by the state.

The rationale of California Highway Commission, Department of Engineering v. Industrial Accident Commission, 200 Cal. 44, 251 P. 808 (1926), the only case cited by appellant, is not persuasive to us, and additionally, it involved work by a prisoner outside prison for someone other than the confining authority.

KRS 197.070(1) commands the Department of Corrections to provide employment for all prisoners in the penitentiaries and to exhaust every resource at its command to provide employment for all prisoners in its custody. We do not construe the use of the word "employment" to mean that prisoners are thereby constituted "employees" as that word is commonly understood. It is simply a direction that the department shall make work available to occupy the time of prisoners rather than to allow them to remain idle.

The coverage of prisoners by a Workmen's Compensation Act presents unique problems that can best be approached by direct legislative action. It is true that a permanent injury sustained in prison will be no less disabling to a prisoner upon his release than will the same type of injury sustained by the ordinary employee, but a different social problem is involved because some prisoners may never be released and in most cases there would be some period of confinement between the date of injury and the date of release.

Although KRS 342.004 commands liberal construction of questions of law pertaining to Workmen's Compensation, we cannot read into our present statute any language which would transform a prisoner working inside a prison industry during the term of his confinement into an employee of the state.

The judgment is affirmed.

All concur.