353 So.2d 335 (1977)
Sherman PHILLIPS et al.
v.
J. G. DUPLANTIS et al.
No. 11591.
Court of Appeal of Louisiana, First Circuit.
November 21, 1977.
Rehearing Denied December 28, 1977.
Writ Refused February 17, 1978.
Robert B. Butler, III, Houma, for plaintiffs and appellees.
Philip J. McMahon, Houma, Edmund W. Golden, New Orleans, for defendants and appellants.
Before LANDRY, SARTAIN and ELLIS, JJ.
ELLIS, Judge.
This is a suit for damages for personal injuries suffered by Jeanne Picou Phillips when she fell out of the back door of a mobile home situated in a trailer park known as Faith Trailer Park or Effie's Trailer Park, operated by J. G. Duplantis. The trailer in question was owned by Statewide Trailer Sales, Inc., a corporation wholly owned by Mr. Duplantis and his wife. The defendants were insured by St. Paul Fire and Marine Insurance Company and Travelers Insurance Company.
Plaintiffs in this suit are Mrs. Phillips and her husband, Sherman Phillips. Defendants are Mr. Duplantis, Statewide, St. Paul and Travelers. After trial on the merits, judgment was rendered in favor of plaintiff and against all defendants, from which judgment defendants have taken suspensive appeals.
*336 The mobile home leased by plaintiffs had two doors leading outside. The front door, which opened into the living room, was provided with steps leading up to it. The back door opened into a hall, and was immediately opposite the door to the bathroom. The back door opened out, and no steps were provided for it, so that there was a drop of 35 inches from the floor of the mobile home to the ground beneath. At the time that plaintiffs were leasing the mobile home, the door would sometimes stick and sometimes open easily. When they moved in, plaintiffs testified that they requested back steps, but were told that only one set of steps was provided for each mobile home in the trailer park. It is clear that Mrs. Phillips was aware that there were no steps or platform provided for the back door, and that it sometimes stuck and sometimes opened easily.
On the night of the accident, plaintiffs were entertaining friends in their living room. They had been smoking, and some beer was drunk, although Mrs. Phillips testified that she had little or no alcoholic beverages to drink that evening. Mrs. Phillips began coughing, and found it necessary to go to the bathroom, either to clear some mucus from her throat or to throw up. When she reached the bathroom, she found the door locked because the bathroom was occupied by her son. She then turned to the back door and, anticipating that it would stick, threw her weight against it. The door flew open and Mrs. Phillips fell to the ground outside, suffering the injuries complained of herein. On at least one occasion, Mrs. Phillips told one of her physicians that she fell out of the door because the wind caught the door when she opened it and pulled her out.
The trial judge found the defendants negligent in furnishing a trailer with a defective door, and in failing to provide a platform with a railing, and steps leading up to it just outside the door. He further found that Mrs. Phillips was not guilty of contributory negligence. He felt that it was not unreasonable or negligent for her to use the door, considering her need to expectorate or throw up in order to clear her throat.
We agree that using the door was not an unreasonable act. However, Mrs. Phillips' manner of using it, in view of her complete knowledge of the alleged defects in the door, was not up to the standards of reasonable care. She was injured, not because of any defect in the door or the failure to provide steps or a platform, but because she ignored the existence of a possible hazardous condition of which she was fully aware.
Plaintiffs also claim the right to recover under Article 2695 of the Civil Code, which provides:
"The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same."
Generally, contributory negligence is a defense to actions under Article 2695, if it is shown that the tenant knew of the defective condition, that the premises could be safely used with the use of reasonable care, and that the tenant failed to exercise that standard of care. Carlysle v. Aetna Insurance Company, 248 So.2d 64 (La.App. 1st Cir. 1971). Mrs. Phillips' own negligence is therefore a bar to her recovery under Article 2695.
We therefore hold that, under the undisputed facts of this case, plaintiffs are not entitled to recover as a matter of law.
The judgment appealed from is reversed and set aside, and there will be judgment herein in favor of defendants, dismissing plaintiffs' suit. Plaintiffs will pay all costs both in this court and the court below.
REVERSED AND RENDERED.