374 So.2d 122 (1979)
Glenn E. RENFRO et ux.
v.
SOUTH COAST CORPORATION.
No. 12695.
Court of Appeal of Louisiana, First Circuit.
July 16, 1979.
*123 Joffrion & Dugas, Malcolm J. Dugas, Jr., and William E. LeBlanc, Donaldsonville, for plaintiff-appellant.
Pugh, Lanier & Pugh, John L. Lanier, Thibodaux, for defendant-appellee.
Before CHIASSON, EDWARDS and COLE, JJ.
CHIASSON, Judge.
Plaintiffs, Glenn and Marilyn Renfro, appeal the judgment of the trial court denying them damages for injuries sustained by Mrs. Renfro as a result of an accident which occurred on premises belonging to defendant, South Coast Corporation.
Glenn and Marilyn Renfro lived in a house on Elm Hall Plantation furnished to them by the South Coast Corporation, Glenn Renfro's employer. Late in the evening or early morning hours of February 1, 1975, the Renfros were returning home after an evening in Morgan City, Louisiana. There is testimony that some alcohol had been consumed by both Mr. and Mrs. Renfro during the course of the evening. Upon arriving at the house Marilyn Renfro attempted to open the front door which was of wooden construction with a knob, a lock, and a single large glass pane in the top half of the door. Upon finding that the door would not open, Marilyn Renfro, with her hand, began to hit on the four inch wooden frame of the door surrounding the glass pane. Her hand went through the glass in the door, injuring her right forearm.
The Renfros sued South Coast Corporation for the injuries basing their action on either the negligence of South Coast or strict liability under La.C.C. art. 2695. The Renfros testified that the door or lock stuck on several occasions prior to the accident.
The trial court, without written reasons for judgment, dismissed plaintiffs' suit on the basis of contributory negligence. Plaintiffs' only specification of error is that contributory negligence is not a defense to strict liability.
*124 For the appellants to prove their tort action under any theory of liability they must prove a causal connection between the fault of South Coast or the defect in its premises and the injury sustained. Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962) and Wilson v. Voss, 361 So.2d 312 (La.App. 1st Cir. 1978), writ denied 363 So.2d 214 (La.1978). Appellants argued that because the door stuck, Marilyn Renfro had to hit it and because she hit it, her hand went through the glass causing the injury.
Under a negligence theory of liability, appellants must prove substandard conduct on the part of the appellee. Dixie Drive It Yourself Sys. v. American Beverage Co., supra, and Robertson, Reason Versus Rule In Louisiana Tort Law: Dialogues On Hill v. Lundin & Associates, Inc., 34 La.L.Rev. 1 (1973). Assuming arguendo that there is a lessor-lessee relationship, under the theory of "strict liability" as provided in La.C.C. art. 2695, the appellants must prove that the defect was such that it could be reasonably expected to cause injury to persons using ordinary care under the circumstances. Wilson v. Virgademo, 258 So.2d 572 (La.App. 4th Cir. 1972).
Accepting appellants' testimony that the door stuck, we find that a stuck door is not substandard conduct on the part of appellee nor is it a defect that would reasonably be expected to cause injury to persons using ordinary care under the circumstances. It was not the door jamming that caused Mrs. Renfro's injury, but rather the hazardous manner in which she attempted to open the door which was not up to the standards of reasonable care.
Additionally, we find that Marilyn Renfro was contributorily negligent in her actions. Contributory negligence is a bar to recovery under a negligence theory of liability and under the "strict liability" of La.C.C. art. 2695 where it is shown that (1) the lessee knew of the defect, (2) the premises could be safely used with the use of reasonable care, and (3) the lessee failed to exercise that standard of care. Phillips v. Duplantis, 353 So.2d 335 (La.App. 1st Cir. 1977), writ denied 354 So.2d 1375 (La.1978).
For these reasons we affirm the decision of the trial court. Costs of this appeal are to be paid by the appellants.
AFFIRMED.