WILBUR DRAKE, PLAINTIFF-APPELLANT, v. COUNTY OF ESSEX AND ESSEX COUNTY CORRECTIONS CENTER, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued November 16, 1983—Decided December 20, 1983.

Before Judges FRITZ, FURMAN and DEIGHAN.

*Neal J. Berger* argued the cause for appellant (*Fish, Field & Greenspoon,* attorneys).

*William D. Joachim,* Assistant Essex County Counsel, argued the cause for respondents (*David H. Ben-Asher,* Essex County Counsel, attorney; *William A. Colavito,* Assistant Essex County Counsel, of counsel and on the brief).

The opinion of the court was delivered by

FURMAN, J.A.D.

At issue on this appeal is whether a prisoner in a county penal institution is eligible for worker's compensation, *N.J.S.A.* 34:15–1 *et seq.,* for a work-connected injury. Plaintiff was on a work detail as a plumber's helper when he hurt his back in crossing a wooden plank, which gave way. As a plumber's helper he was compensated both by minimal wages and by

remission of time from his custodial sentence, pursuant to *N.J. S.A.* 30:8–28.1.

The issue arises in an action under the Tort Claims Act, *N.J.S.A.* 59:1–1 *et seq.*, in which the county and corrections center pleaded the defense that workers' compensation was the exclusive remedy. Plaintiff denied his eligibility for workers' compensation. On motion for summary judgment, plaintiff's tort action was dismissed on the ground of the exclusiveness of his worker's compensation remedy under *N.J.S.A.* 34:15–8.

We reverse and remand. Recognizing that two reported decisions in this state, *Brown v. Jamesburg State Home for Boys*, 60 *N.J.Super.* 123 (Cty.Ct.1960), and *Goff v. Union County*, 26 *N.J.Misc.* 135 (W.C.B.1948), have barred workers' compensation for custodial institution inmates, defendants nevertheless argue that these decisions are without precedential effect because of the enactment in 1972 of *N.J.S.A.* 30:8–28.1, which was in effect at the time of plaintiff's accident.[1] *N.J.S.A.* 30:8–28.1 mandated that county penal institution inmates receive compensation for employment in productive occupations "in the form of cash or remission of time from sentence or both." Neither petitioner in *Brown* or *Goff* received financial compensation for his institutional work under *N.J.S.A.* 30:8–25, –26 and –27, enacted in 1917, which authorized but did not mandate payment of wages to prisoners for their services "upon work carried on" by the penal institution or any other county agency.

In our view the distinction that the petitioners in *Brown* and *Goff* were not paid for their institutional employments does not compel a result on this appeal contrary to those two cases. Rather, the issue on this appeal is more complex: Was there an employment relationship qualifying plaintiff for workers' compensation eligibility under *N.J.S.A.* 34:15–7? The burden of proof to establish eligibility rests upon a workers' compensation

---

[1] *N.J.S.A.* 30:8–28.1 was repealed in 1981 and was superseded by *N.J.S.A.* 30:8–28.4.

claimant. *Mahoney v. Nitroform Co., Inc.,* 36 *N.J.Super.* 116, 125 (App.Div.1955), rev'd on other grounds 20 *N.J.* 449 (1956). But plaintiff is not a workers' compensation claimant. In the unusual procedural context of this appeal the burden of proving plaintiff's eligibility rests upon defendants in asserting the affirmative defense of an exclusive remedy under workers' compensation.

An employment is a voluntary contractual relationship with the incidents of the right to hire and fire. The exclusion of penal inmates from workers' compensation coverage is reinforced by the statutory definitions in *N.J.S.A.* 34:15–36 equating employer with master and employee with servant. As we said in *Kalnas v. Layne of New York Co.,* 173 *N.J.Super.* 492 (App. Div.1980):

> ... In our view, therefore, whenever there is a dispute as to whether there is in fact an employment relationship encompassed by the act, and particularly where the circumstances of the relationship depart from traditional modes, the resolution of the question requires a factual analysis of all of the indicia of the relationship in order to determine if it is truly that of master-servant. And in order to constitute such a relationship, it must be characterized by such elements as the employer's supervisory power, his right to control the activities of the employee, his right to terminate the relationship, his payment to the employee of regular wages for services, and his provision of tools and equipment and facilities. See, generally, *Marcus v. Eastern Agricultural Ass'n, Inc.,* 32 *N.J.* 460 (1960), rev'g on the dissent in 58 *N.J.Super.* 584, 596 (App.Div.1959). [173 *N.J.Super.* at 497 ]

Plaintiff's performance of services for defendant, corrections center, was not pursuant to a bargained for and voluntarily entered into contract of hire. The incidents of the right to hire and fire were lacking. Although plaintiff could have declined a work assignment, defendant, corrections center, could not have denied available work to him as a prisoner who was nondangerous and physically and mentally capable. Nor could it arbitrarily have discharged him or any other willing and qualified prisoner from a work detail.

The prevailing view elsewhere in the United States accords with our view that convicts are not eligible for workers' compen-

sation for work-connected injuries because they have not entered into an employment contract with the penal institution. As stated in 1C *Larson, The Law of Workmen's Compensation,* § 47.31 (1980):

> Convicts and prisoners have usually been denied compensation for injuries sustained in connection with work done within the prison, even when some kind of reward attended their exertions. The reason given is that such a convict cannot and does not make a true contract of hire with the authorities by whom he is confined. The inducements which might be held out to him, in the form of extra food or even money, are in no sense consideration for an enforceable contract of hire. [at 8–240–242]

Out-of-state decisions supporting that prevailing view include the following: *Spikes v. State,* 458 *A.*2d 672 (R.I.Sup.Ct.1983); *Tackett v. LaGrange Penitentiary,* 524 *S.W.*2d 468 (Ky.Ct.App. 1975); *Abrams v. Madison County Highway Department,* 495 *S.W.*2d 539 (Tenn.Sup.Ct.1973); *Clinton City v. White Crow,* 488 *P.*2d 1232 (Okl.Sup.Ct.1971); *Scott v. Hobbs City,* 69 *N.M.* 330, 366 *P.*2d 854 (Sup.Ct.1961); *Phillips v. Duplantis,* 353 *So.*2d 335 (La.Ct.App.1978), certif. den. 354 *So.*2d 1375 (La.Sup.Ct.1978); *Reid v. New York State Dept. of Corr. Serv.,* 54 *App.Div.*2d 83, 387 *N.Y.S.*2d 589 (App.Div.1976), app. den. 42 *N.Y.*2d 808, 398 *N.Y.S.*2d 1031, 368 *N.E.*2d 47 (Ct.App.1977); *Keeney v. Industrial Commission,* 24 *Ariz.App.* 3, 535 *P.*2d 31 (1975).

In other states legislation has brought inmates of penal institutions within workers' compensation coverage. *See, e.g., Heumphreus v. State,* 334 *N.W.*2d 757 (Iowa Sup.Ct.1983); *Kopacka v. Dept of Industry, Labor & Human Rel.,* 49 *Wis.*2d 255, 181 *N.W.*2d 487 (1970). We deem it significant that the State Legislature has not so amended *N.J.S.A.* 34:15–1 *et seq.* since the *Goff* and *Brown* decisions. At oral argument below defendants' attorney conceded that he had no knowledge of any prior workers' compensation award to a penal institution inmate in this state.

We reverse and remand for further proceedings not inconsistent herewith.