COMMONWEALTH of Kentucky, DEPARTMENT OF EDUCATION, DIVISION OF SURPLUS PROPERTIES, Movant,

v.

Jerry Ross SMITH and Workers' Compensation Board, Respondents.

No. 88–SC–000036–DG.

Supreme Court of Kentucky.

Sept. 8, 1988.

Rehearing Denied Nov. 17, 1988.

James R. Wagoner, Carole Meller Pearlman, Louisville, for movant.

Max S. Hartz, McCarroll, Nunley & Hartz, Owensboro, for respondent Smith.

VANCE, Justice.

The question is whether a state prisoner is entitled to workers' compensation benefits for an occupational disability sustained while working outside the prison for an agency of the Commonwealth. The answer is that he is not. Jerry Ross Smith was convicted of first-degree assault and was imprisoned at the La Grange Penitentiary. He was later transferred to the Frankfort Career Development Center, a state agency created for the purpose of rehabilitation prior to parole. While at the Development Center, Smith worked for the Department of Education, Surplus Property Division, of the Commonwealth of Kentucky. It is not disputed that he sustained a bodily injury while so working.

The Workers' Compensation Board denied Smith's claim for workers' compensation in reliance upon *Tackett v. La Grange Penitentiary*, Ky., 524 S.W.2d 468 (1975), wherein we held that a state prisoner working inside the prison was not an employee of the Commonwealth and the Commonwealth was not liable for workers' compensation for injuries sustained by him at work. On appeal, the Franklin Circuit Court reversed the Board, and the Court of Appeals affirmed the circuit court. We granted discretionary review.

Smith has sought to distinguish his case from *Tackett v. La Grange Penitentiary, supra,* on several grounds. He states that he was not working within prison walls when he was injured, that his assignment to the Frankfort Career Development Center was voluntary, and that he was not under the supervision and control of prison guards during his working hours with the Department of Education.

The issue is controlled, however, by K.R. S. 342.640 which defines employees who are subject to the workers' compensation statute. It provides:

"(1) Every person, including a minor, whether lawfully or unlawfully employed, in the service of an employer under any contract of hire or apprenticeship, express or implied, and all helpers and assistants of employes whether paid by the employer or employe, if employed with the knowledge, actual or constructive, of the employer.

"(2) Every executive officer of a corporation.

"(3) Every person in the service of the state or of any political subdivision or agency thereof, or of any county, city of any class, school district, drainage district, tax district, public or quasi-public corporation or other political entity, under any contract of hire, express or implied, and every official or officer thereof, whether elected or appointed, while performing his official duties. Every person who is a member of a volunteer fire or police department shall be deemed for the purposes of this chapter, to be in the employment of the political subdivision of the state where the department is organized. Every person who is a regularly enrolled volunteer member or trainee of the civil defense corps of this state as established under KRS chapter 39, shall be deemed for the purposes of this chapter, to be in the employment of this state. Every person who is a member of the Kentucky national guard, while said person is on active state service as defined in KRS 38.010(4) shall be deemed for the purposes of this chapter to be in the employment of this state.

"(4) Every person performing service in the course of the trade, business, profession or occupation of an employer at the time of the injury."

An employee of the Commonwealth is one who serves *under contract for hire,*

*express or implied.* As we noted in *Tackett, supra,* a convict cannot enter into a contract for hire with the authority by which he is confined. Prison labor is the very antithesis of voluntary employment, and a prisoner has no right to bargain or negotiate terms of employment with the Commonwealth.

> "It has been considered always and everywhere that the labor of convicts is the property of the state, and our whole constitutional and legislative structure so regards it. It is performed involuntarily and under duress as a punishment for crime, and not voluntarily or pursuant to contract; and this conception is not altered in the least by the present act. So long as penitentiaries are maintained and persons are confined therein as a punishment for crime, the state must have and exercise the right of imposing involuntary labor upon the inmates. The labor of the convicts cannot be the property of the state and of the convict at the same time. The state cannot impose its restraint upon the convict's liberty of action and also waive its right to his labor or recognize his right to contract for his services or to labor or not as he may elect. Any concession, therefore, to the convict with respect to his involuntary labor or the fruits thereof is necessarily a dispensation of legislative grace, and not a recognition of a property right in the convict to his labor."

*State Board of Charities and Corrections v. Hays,* 190 Ky. 147, 227 S.W. 282, 286 (1920).

It matters not that at the time of his injuries Smith was working outside the prison walls, nor that he was not guarded by prison guards. He was a prisoner of the state working for an agency of the state under the supervision and control of agencies of the state, and regardless where the work was performed, he, as a prisoner of the Commonwealth, could not contract with the Commonwealth for the use of his services or the terms under which he worked.

The fact that Smith was agreeable, even desirous, of assignment to the Frankfort Career Development Center, does not alter his status as a prisoner and does not render his work voluntary in the sense that a private citizen's work is voluntary in that he may or may not, as he chooses, enter into a contract for hire with respect to his labor.

Smith contends that he could be regarded as an employee pursuant to K.R.S. 342.640(4) which does not specifically require a contract of hire. K.R.S. 342.640(2) provides that every executive officer of a corporation is an employee and does not specifically require a contract of hire, but this court held that the president of a corporation who served without pay was not a covered employee because implicitly the statute refers to an employee for hire. Likewise, we think it implicit that K.R.S. 342.640(4) refers to service for an employer for hire. A prisoner of the Commonwealth, even though he performs some work for the Commonwealth, is simply not an employee of the Commonwealth under the statutes as they presently exist.

We realize that a prisoner who sustains a bodily injury and disability while working as a prisoner may carry that disability with him after he is released from prison. Whether, as a matter of public policy, such a prisoner should be entitled to some workers' compensation benefits after his release from prison is a matter for the General Assembly to address. We recommended this to the consideration of the General Assembly in 1975 in *Tackett v. La Grange Penitentiary, supra.* No provision has yet been made to allow workers' compensation benefits to a prisoner for disability incurred while working in the prison or for an agency of the Commonwealth.

The decision of the Court of Appeals is reversed, and the case is remanded to the Franklin Circuit Court for the entry of a judgment upholding the decision of the Workers' Compensation Board.

STEPHENS, C.J. and STEPHENSON and WINTERSHEIMER, JJ., concur.

GANT, J., dissents.

LAMBERT and LEIBSON, JJ., dissent by separate opinions.

LAMBERT, Justice, dissenting.

I agree with the views of Judge Anthony M. Wilhoit writing for a unanimous panel of the Court of Appeals. In dissent, I quote Judge Wilhoit's opinion in its entirety:

BEFORE: CLAYTON, REYNOLDS, and WILHOIT, Judges.

WILHOIT, JUDGE. The issue presented in this appeal is whether a prisoner working for a state agency outside of prison is an employee of the agency covered by the Workers' Compensation Act. The appellee Jerry Ross Smith was incarcerated at the Frankfort Career Development Center, a minimum security correctional facility, and working at the appellant Division of Surplus Property when he was injured in February 1983. The Workers' Compensation Board dismissed the appellee's claim for compensation benefits, finding no contract of hire. The circuit court reversed, stating that there was at least an implied contract for hire between the parties. We agree with the circuit court's rationale and affirm the judgment.

KRS 342.640(3) states that "every person in the service of the state or of any political subdivision or agency thereof, ... under any contract of hire, express or implied, ..." is an employee subject to the Workers' Compensation Act. The former Court of Appeals in *Tackett v. LaGrange Penitentiary*, Ky., 524 S.W. 2d 468 (1975), held that an inmate confined in a penitentiary and working in a prison industry is not an employee of the state because "a convict cannot and does not enter into a true contract of hire with the authorities by whom he is confined." 524 S.W.2d at 469. The facts in *Tackett* differ from those in the instant case. Tackett was at all times under the control of the prison authorities; the warden could not choose to fire Tackett; and Tackett pressed his claim for benefits against the confinig authority. These factors are absent in this case.

Other jurisdictions are more willing to find that a contract for hire exists when a prisoner works for another state agency or employer. *See* 1C A. Larson, *The Law of Workmen's Compensation* § 47.31(d) (1986). Many of the indicia used by other courts in finding employee status are present in this case. The appellee volunteered for this work in that he requested a transfer from the state penitentiary. Al Parke, then Commissioner in the Department for Adult Institutions, testified that an inmate may request a transfer location and work preference. A classification committee makes the assignments taking into consideration the inmate's requests. The appellant signed a "Memorandum of Understanding" with the Corrections Cabinet wherein the appellant agreed to accept liability for injury to an inmate which occurs while the inmate is under the appellant's control. Once the appellee was transported to the appellant's facility, he was under the appellant's authority, and the appellee's work duties were controlled by the appellant. *See City of Franklin v. Dept. for Human Resources*, Ky.App., 581 S.W.2d 358 (1979). The appellee was supervised in the same manner as an ordinary employee by the appellant. Mr. Parke testified that the Corrections Cabinet would get involved in the appellee's work situation only on a spot check or if a problem developed. We believe that taking these factors under consideration, the circuit court was correct in finding that an implied contract for hire existed between the parties.

More than ten years ago, this issue was called to the legislature's attention in *Tackett*. We reissue the call for legislative action. A prisoner who has sustained a permanent injury while in custody will encounter the same difficulties upon his release as he would if the injury occurred when he was not in custody. *Tackett*, 524 S.W.2d at 469; 1C A. Larson, *The Law of Workmen's Compensation* § 47.31(e) (1986). Several states have enacted statutes dealing with this situation. *See* 1C A. Larson, *The Law of Workmen's Compensation* § 47.31(f) (1986).

**60**

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

The distinction between *Tackett v. La-Grange Penitentiary*, Ky., 524 S.W.2d 468 (1975), and this case is fundamental: Tackett was working *in* the penitentiary; Smith was working *at* the Department of Education, Division of Surplus Properties, under a memorandum of understanding with the employing state agency requiring the agency to accept liability for injuries to inmates at work the same as with other employees working at their side. Smith was the intended beneficiary of this contract of employment. KRS 197.130 provides that "[p]risoners ... shall not be required to work outside ... the prison except" voluntarily. Smith qualifies for workers' compensation under KRS 342.-640(1).

I agree with the Majority Opinion that one aspect of *Tackett* is controlling: A convict is not entitled to receive workers' compensation from the state during the period of his incarceration. His work belongs to the state.

These conflicting concepts should be accommodated by judicially interpreting the two principles to function harmoniously: payment of workers' compensation benefits for occupational disability from an injury occurring during voluntary employment outside the penitentiary is covered by the law, but payment of benefits should be suspended during the period of continued incarceration because the prisoner is then prevented from seeking gainful employment by his status and not by his injury.