Otha PORTER (Appellant),

v.

DEPARTMENT OF CORRECTIONS
(Respondent).

No. WD 48315.

Missouri Court of Appeals,
Western District.

March 8, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 3, 1994.

Application to Transfer Denied
June 21, 1994.

Lawrence R. Magee, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., R. Lucas Boling, Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and KENNEDY and ELLIS, JJ.

PER CURIAM.

Otha Porter appeals from a decision of the Labor and Industrial Relations Commission denying his workers' compensation claim. Porter contends that he is eligible for compensation despite the fact that he was a prison inmate when the injury occurred.

The judgment is affirmed.

For approximately two and one half years, Porter was an inmate at the Algoa Correctional Center in Cole County, Missouri. During his incarceration, Porter worked as a cook in the prison kitchen where he was supervised by a guard who was also a cook. Porter was paid $30.00 or $35.00 a month for his work, in the form of a coupon book which was redeemable only at the prison commissary.

On August 14, 1986, Porter was working when he heard some "hollering" coming from an elevator which opened up into the kitchen. Porter opened the elevator door in an attempt to assist the guard and two inmates who were inside, but the elevator door closed on his right hand. According to medical records from the Department of Corrections, Porter received a three-inch laceration on his right wrist.

Porter subsequently filed a claim for workers' compensation alleging that he was an employee of the Department of Corrections at the time the injury occurred. At the ensuing evidentiary hearing, Porter testified that his hand hurt constantly and that he had lost a job because of difficulties with the

injured hand. The administrative law judge (ALJ) concluded that Porter was ineligible for compensation because he was not an employee of the Department of Corrections. The ALJ's decision was affirmed by the Labor and Industrial Relations Commission.

As his sole point on appeal, Porter claims that he was an employee of the Department of Corrections at the time of the injury because he was paid for his work in the form of coupons redeemable at the prison commissary. Therefore, Porter contends, the Labor and Industrial Relations Commission erred by denying him workers' compensation.

■ As a preliminary matter, we note that a claim like Porter's is now excluded from the workers' compensation law by section 287.090.1(4), RSMo Supp.1988, which provides that the workers' compensation law shall not apply to "[e]mployment where the person employed is an inmate confined in a state prison, penitentiary or county or municipal jail ... and the labor or services of such inmate ... are exclusively on behalf of the state, county or municipality having custody of said inmate." However, this statutory provision was enacted in 1987, and Porter's accident occurred in 1986; consequently, section 287.090.1(4) does not apply to the case at bar.

At the time of Porter's accident, section 217.110, RSMo 1986 had extended the workers' compensation law to include all employees of the Department of Corrections. However, in interpreting section 217.110, a 1964 opinion of the Missouri Attorney General concluded that a prison inmate who was injured while on a work assignment manufacturing license plates was not entitled to workers' compensation. Op.Atty.Gen. No. 203, 6–9–64. The opinion noted that, while the specific issue had not been addressed by Missouri courts, other jurisdictions had consistently denied workers' compensation to prison inmates because of the absence of a genuine employer-employee relationship.

In its brief, the Department of Corrections argues that Porter's claim is barred by this court's ruling in *Bowman v. State*, 763 S.W.2d 161 (Mo.App.1988). In *Bowman*, a juvenile charge of the State was injured while assigned to collect trash on the premises of the Division of Youth Services, and her mother brought a negligence action against the State and against a public employee. While none of the parties in *Bowman* raised the issue of workers' compensation, we did so *sua sponte* as a matter of subject-matter jurisdiction.

In *Bowman*, we cited section 287.020.1 of the State's Workers' Compensation Law, which defined the term "employee" to mean any person working under a "contract of hire ... or under any appointment or election." We held that, because there was no evidence that the State compensated Bowman for her services, she was not working under a "contract of hire." We further held that Bowman was not in a position of trust, and therefore was not "under appointment." We concluded that Bowman was not an employee for the purposes of workers' compensation. In so doing, we noted that Bowman was "in essence, a prisoner" and therefore was in no position to voluntarily enter into a contractual arrangement with the State.

■ The case at bar is factually distinguishable from *Bowman* insofar as Porter was compensated for his work in the kitchen. However, this distinction is not dispositive; instead, the real issue is whether there is a genuine employment relationship between a convict and the correctional institution. *Drake v. Essex County*, 192 N.J.Super. 177, 469 A.2d 512, 513 (App.1983). As noted in *Drake*, the prevailing view in other jurisdictions is that convicts are not eligible for workers' compensation for work-connected injuries because they have not entered into a genuine employment contract with the penal institution. As stated in Larson, *The Law of Workmen's Compensation*, § 47.31 (1993):

> Convicts and prisoners have usually been denied compensation for injuries sustained in connection with work done within the prison, even when some kind of reward attended their exertions. The reason given is that such a convict cannot and does not make a true contract of hire with the authorities by whom he is confined. The inducements which might be held out to him, in the form of extra food or even money, are in no sense consideration for an enforceable contract of hire.

Jurisdictions adopting this prevailing point of view include: *Keeney v. Industrial Comm'n,*

24 Ariz.App. 3, 535 P.2d 31 (1975); *Tackett v. LaGrange Penitentiary,* 524 S.W.2d 468 (Ky. App.1975); *Drake v. Essex County,* 192 N.J.Super. 177, 469 A.2d 512 (App.1983); *Reid v. New York State Dep't of Correctional Serv.,* 54 A.D.2d 83, 387 N.Y.S.2d 589 (N.Y. 1976), appeal denied, 42 N.Y.2d 808, 398 N.Y.S.2d 1031, 368 N.E.2d 47 (1977); and *Spikes v. State,* 458 A.2d 672 (R.I.1983).

■ We find the rationale behind this prevailing point of view to be persuasive, and conclude that Porter was not an "employee" for the purposes of workers' compensation. Accordingly, the judgment of the Labor and Industrial Relations Commission is affirmed.

All concur.