■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM THOMAS OLDRING, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Suffolk County, rendered November 6, 1972, convicting him of burglary in the third degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed on the law, and in the interests of justice, and a new trial ordered. In our opinion, error was committed by the prosecution in failing to produce the Grand Jury minutes of one Lance Godwin for use by the defense on cross-examination. Godwin, an accomplice of appellant, was the prosecution's main witness and the only person at the trial to present direct evidence as to appellant's guilt. He testified that the appellant, codefendant Joseph Falzarano, and he (Godwin) committed the crimes charged. The other evidence in the trial was circumstantial. The People argue that the minutes of Godwin's Grand Jury testimony were never transcribed and there was no prior request by the defense to have them transcribed. This argument lacks merit. Grand Jury testimony and deliberations are secret and unavailable to the defense until a witness, who testified before the Grand Jury, testifies at the trial. In the case at bar the trial court should have adjourned the trial to allow for the transcription of Godwin's grand jury testimony. (See *People* v. *Rosario,* 9 N Y 2d 286; cf. *Matter of Gold* v. *Quinones,* 37 A D 2d 618.) In addition to the foregoing, appellant argues that the so-called *Bruton* rule (*Bruton* v. *United States,* 391 U. S. 123) was violated, in this joint trial of appellant and Falzarano, when the trial court

allowed one of the prosecution's witnesses, a police officer, to testify to an alleged oral extrajudicial admission of guilt made to him by codefendant Falzarano, who did not testify at the trial. While the police officer in testifying with respect to Falzarano's admission was careful not to mention appellant's name, he did testify that Falzarano admitted to him that there were others who took part in the burglary with him and that one of them was Lance Godwin. Under the circumstances we feel that there was no effective redaction of the nontestifying codefendant's inculpatory statements with respect to appellant. (See *People* v. *Baker,* 23 N Y 2d 307; *United States* v. *Bozza,* 365 F. 2d 206.) The People argue that the *Bruton* rule, prohibiting the admission of an unredacted confession of a nontestifying codefendant, does not apply if the codefendant testified at a *Huntley* hearing wherein the defendant was afforded the right of confrontation, citing *People* v. *Stanbridge* (26 N Y 2d 1, cert. den. 398 U. S. 911). The *Stanbridge* case however is not in point because in the case at bar, unlike in *Stanbridge,* Falzarano, the codefendant, *denied* at the *Huntley* hearing having ever made the oral statements testified to by the police officer. Accordingly, there was no reason for appellant's defense counsel to cross-examine Falzarano at that hearing. Absent meaningful confrontation, the *Bruton* problem subsists. Munder, Shapiro, Gulotta and Christ, JJ., concur; Hopkins, Acting P. J., concurs solely on the ground that the failure to direct production of Godwin's Grand Jury testimony, when requested, constituted reversible error.