■ In the Matter of the PRISONERS' LABOR UNION AT BEDFORD HILLS (WOMEN'S DIVISION) et al., Petitioners, v. ROBERT D. HELSBY et al., Constituting the Members of the New York State Public Employment Relations Board, Respondents, and New York State Department of Correctional Services, Respondent-Intervenor.— Proceeding pursuant to article 78 of the CPLR to review two determinations of the respondent Public Employment Relations Board, one as to petitioner the Prisoners' Labor Union at Green Haven, dated May 24, 1973, and the other as to the two other petitioners, i.e., the Prisoners' Labor Union at Wallkill and the Prisoners' Labor Union at Bedford Hills, Women's Division, dated July 25, 1973, which affirmed, respectively, two decisions of the director of the respondent board, made on a stipulation of facts, dismissing petitioners' applications for certification of petitioners as exclusive negotiating representatives of the inmates of their respective institutions as "public employees" within the meaning of subdivision 7 of section 201 of the Civil Service Law (the Taylor Act). Proceeding dismissed on the merits and determinations confirmed, on the law, without costs. If there be merit in petitioners' claims of a right to organize and bargain collectively, it is for the Legislature so to determine. It is not the function of the courts to institute far-reaching reforms under the guise of constitutional interpretation.

Any such attempt at piecemeal judicial legislation can create more problems than it would solve. Martuscello, Acting P. J., Latham, Shapiro, Benjamin and Munder, JJ., concur.