In the Matter of the Claim of CLARENCE REID, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, October 21, 1976

*William E. Hellerstein (Warren H. Richmond, III,* of counsel), for appellant.

*Peter M. Pryor (Joseph F. Manes* of counsel), for State Insurance Fund, respondent.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

LARKIN, J. Claimant, a prisoner at the Great Meadow Correctional Facility, injured in 1973 while working in a carpentry shop at the prison, filed a claim for workmen's compensation. The Referee's decision, disallowing the claim because no employee-employer relationship existed, was affirmed by the Workmen's Compensation Board and this appeal ensued.

The issue is whether inmates confined to penal institutions in New York State are entitled to workmen's compensation benefits for injuries sustained while they are working within a Department of Correctional Services penal institution.

The Commissioner of Correction may cause prison inmates to be employed. The employment, however, may be only for the production of supplies and materials for the sole use of the State and its subdivisions. The commissioner may not contract the use of convict labor to private parties nor sell the products of convict labor to private parties. The prisoners are paid a small stipend for their labor (NY Const, art III, § 24; Correction Law, §§ 171, 183, 187). Inmates in New York State Correctional facilities are free to refuse employment.

While there is no direct case in point in New York State, other States have considered whether prisoners are entitled to workmen's compensation for injuries sustained while working as inmates and those States have denied workmen's compensation *(Watson v Industrial Comm.,* 100 Ariz 327; *Keeney v Industrial Comm.,* 24 Ariz App 3; *Matter of Kroth v Oklahoma State Penitentiary,* 408 P2d 335 [Okla]; *Murray County v Hood,* 163 Okla 167; *Shain v Idaho State Penitentiary,* 77 Idaho 292; *Miller v City of Boise,* 70 Idaho 137; *Frederick v Men's Reformatory,* 203 NW2d 797 [Iowa]; *Jones v Houston Fire & Cas. Ins. Co.,* 134 So 2d 377 [La App]; *Tackett v*

*Lagrange Penitentiary,* 524 SW2d 468 [Ky]; *Abrams v Madison County Highway Dept.,* 495 SW2d 539 [Tenn]; *Lawson v Travelers Ins. Co.,* 37 Ga App 85; *Matter of Greene,* 280 Mass 506; *Schraner v State Dept of Correction,* 135 Ind App 504; *Goff v Union County,* 26 NJ Misc 135).

In one Arizona case in which a prisoner was granted compensation benefits, the inmate in question was injured while working for a private corporation. The private corporation had exclusive control over the prisoner and there was no supervision by law enforcement officials *(Johnson v Industrial Comm.,* 88 Ariz 354).

In another case, a county jail inmate was "loaned out" to a city to work on a sewage plant and the court said that there was an implied contract of hire *(Pruitt v Workmen's Compensation Appeals Bd.,* 261 Cal App 2d 546). California provides by legislation that the State Highway Commission may "employ" prisoners and compensate them, but the enabling statutes specifically except prisoners working for the Highway Commission from workmen's compensation benefits (Cal Penal Code, § 2766; Cal Labor Code, § 3352, subd [e]).

Recently the Appellate Division, Second Department, considering whether inmates are employees in a different context, decided that correctional facility inmates are not public employees within the meaning of subdivision 7 of section 201 of the Civil Service Law *(Matter of Prisoners' Labor Union at Bedford Hills v Helsby [Women's Div],* 44 AD2d 707, mot for lv to app den 35 NY2d 641). Courts in New York have heretofore held that the proper remedy to be pursued by an inmate negligently injured while working in a correctional facility is a suit against the State in the Court of Claims *(Green v State of New York,* 278 NY 15; *Crawford v State of New York,* 37 AD2d 450). We hold that inmates of correctional institutions are not employees of the State of New York so as to come within the purview of the Workmen's Compensation Law.

The decision should be affirmed, without costs.

SWEENEY, J. P., MAIN, HERLIHY and REYNOLDS, JJ., concur.

Decision affirmed, without costs.