■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK L., Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the County Court, Nassau County, imposed February 6, 1978, upon his adjudication as a youthful offender, upon resentence, the sentence being a term of imprisonment of one year. Sentence modified, as a matter of discretion in the interest of justice, by reducing it to probation for a period of five years. The case is remitted to the County Court, Nassau County, (1) to fix the terms and conditions of probation, which shall include continued psychotherapy, and restitution (see Penal Law, § 65.10, subd 2, par [f]), and (2) for further proceedings pursuant to CPL 460.50 (subd 5). The sentence was excessive to the extent indicated herein. Shapiro, J. P., Cohalan, Margett and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ROSARIO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered August 4, 1976, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and a new trial ordered. At the joint trial of appellant and his codefendant, Rafael Cruz, the latter's confession implicating appellant was admitted into evidence unredacted. Neither defendant testified at trial. Cruz, however, testified at a *Huntley* hearing at which he denied ever having made the confession. Accordingly, appellant's attorney declined to cross-examine Cruz at the hearing. As a general rule, the so-called *Bruton* rule *(Bruton v United States,* 391 US 123), prohibiting the admission of the unredacted confession of a nontestifying codefendant, does not apply if the codefendant testified at a *Huntley* hearing, wherein the defendant was afforded the right of confrontation *(People v Stanbridge,* 26 NY2d 1, cert den 398 US 911). However, the *Bruton* problem subsists where the codefendant testified at the hearing that he did not make a confession *(People v Oldring,* 42 AD2d 737). Under these circumstances, there was no reason for appellant's defense counsel to cross-examine Cruz at the hearing. Appellant was deprived of his right of meaningful confrontation and a new trial is therefore required. Hopkins, J. P., Lazer, Cohalan and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENIO SOTO, Appellant.—Judgment of the County Court, Nassau County, rendered June 21, 1978, affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Hopkins, J. P., Lazer, Cohalan and Martuscello, JJ., concur.