John M. Reed, Esq. Town Attorney Town of Pleasant Valley
This will reply to your request for an opinion as to what liability would attach to the Town of Pleasant Valley if a youthful offender who is sentenced by a town justice to work for the Town Highway Department is killed or injured.
Preliminarily, it is noted that a youthful offender may be sentenced to probation in lieu of imprisonment and the Court may fix the terms of probation (Penal Law, § 65.10, subds 1, 2; People v Mark L,70 A.D.2d 956 [2d Dept, 1979]).
A sentencing court may in its discretion provide any condition of probation which it deems reasonably necessary to insure that the defendant will lead a law-abiding life or assist him to do so (Penal Law, §65.10, subd 1). The conditions for probation applicable to the instant inquiry are that the defendant "work faithfully at a suitable employment * * *" (Penal Law, § 65.10, subd 2[c]) and "make restitution of the fruits of his offense or make reparation, in an amount he can afford to pay, for the loss or damage caused thereby. When restitution or reparation is a condition of the sentence, the court shall fix the amount thereof and the manner of performance" (Penal Law, §65.10, subd 2 [f]).
However, these conditions specified in subdivision 2 are merely a guide, since the Court may impose any condition reasonably necessary to insure that the defendant will lead a law-abiding life (McKinney's Practice Commentaries (Hechtman); Penal Law, § 65.10 (pp 181-182). Paragraph f-i of subdivision 2 was enacted as a limited but permissible condition for nonfelony convictions to allow the performance of service for a public or nonprofit corporation, association or agency upon consent of the defendant. This overcomes the decision of People v Mandell (50 A.D.2d 907 [1975]), where the Second Department held there was no authority to impose volunteer charitable services. (McKinney's Supplementary Practice Commentaries [Hechtman] [p 55]).
Therefore, it appears that the town justices may impose as a condition of probation that a youthful offender work for the Town Highway Department if, in the discretion of the Court, it will aid in the rehabilitation of the defendant.
In an analogous situation (Matter of Reid v NYS Dept of CorrectionalServices [54 A.D.2d 83 (3d Dept, 1976)] mot lv app den 42 N.Y.2d 808) the Appellate Division held that inmates confined to penal institutions are not entitled to workers' compensation benefits for injuries sustained while they are working within a Department of Correctional Services penal institution, because they are not employees of the State so as to come within the purview of the Workers' Compensation Law.
The definition of "employer" in Workers' Compensation Law, § 2, subd 3, includes political subdivisions of the State "having one or more persons in employment". A criminal defendant or probationer does not come within the definition of an "employee" (§ 2, subd 4). The definition of "employment" does not include highway labor as an occupation "except where a town elects to have the provisions of this chapter apply to the town superintendent of highways" (§ 2, subd 5). Therefore, in view of the foregoing, it is the opinion of this office that a question of fact arises as to whether a probationer would be considered an "employee" so as to come within the provisions of the Workers' Compensation Law, which must be decided on an individual case-by-case basis.
In the event that a probationer is not considered to be an "employee" within the purview of the Workers' Compensation Law, it does not mean that the Town of Pleasant Valley could escape liability for damages if he is negligently injured or killed while working for the Highway Department. In Matter of Reid (supra) the Appellate Division also held that the proper remedy to be pursued by an inmate who is negligently injured while working in a correctional facility is a suit against the State in the Court of Claims. Therefore, it appears that the probationer could bring a civil action against the Town for his damages, if he is held not to be an "employee".