■ LESLIE ISAKSSON, Respondent, v PAUL W. RULFFES et al., Defendants, and COUNTY OF SUFFOLK et al., Appellants.—In an action to recover damages for personal injuries, the defendants the County of Suffolk and the Suffolk County Police Department appeal from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated September 18, 1986, as denied their cross motion to dismiss the complaint as against them for failure to state a cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the cross motion is granted and the complaint is dismissed as against the appellants.

The facts of this case were developed at pretrial depositions. At approximately 2 o'clock in the early morning of February 2, 1983, a vehicle crashed into a tree. The plaintiff, who was in the vicinity, heard the crash and drove to the scene of the accident with some friends. Several minutes later, Police Officer Roger Hawkins arrived. He was soon joined by Police Officer Villaran. In the course of his investigations, Officer

Hawkins spoke to the bystanders concerning the accident. The plaintiff herself remembered that she and her friends were asked if they had any information as to how the accident happened. Both policemen saw no reason to secure the accident scene. Officer Villaran looked at the tree and detected no signs of deterioration or defects in its trunk. Suddenly, there was a crackling or snapping noise. The tree fell, striking the plaintiff and knocking her to the ground.

It is the plaintiff's contention that the municipality is liable to her, as a matter of law, because the police failed to comply with Suffolk County Police Department Rules and Procedures § 8/2.2 (D), which provides: "D. Protect Scene. Make the accident scene safe. Make every effort to prevent the occurrence of additional accidents and, if necessary, get assistance from other police units. Provide flares or other warning devices at approaches to the accident scene far enough in advance to give adequate warning to motorists. Keep spectators off the roadway and out of the way of vehicles, ambulances, tow trucks, workers, etc. If the accident is serious and indications are that a prolonged tie-up of traffic will result, arrange for the blocking off of traffic at adjacent intersections and the setting up of temporary detour until the scene is cleared".

The complaint alleged, *inter alia,* that the municipality is liable to her for "the failure of the police officers who were present in their official capacities to follow established rules and guidelines * * * the failure to secure the accident scene to ensure the safety of passers-by; the failure to inspect the tree and/or in improperly inspecting the tree so as to ascertain its then dangerous and defective condition; the failure to warn the public at large, and this plaintiff in particular, of the dangerous and defective condition of which they had notice and knowledge or in the exercise of reasonable care they should have had notice and knowledge; the failure to guard against the dangerous and defective condition which then and there existed; the failure to erect barricades to ensure the safety of passer[s]-by; and in being otherwise careless, reckless and negligent".

The complaint should have been dismissed against the county and the Police Department.

It may well be that the police did not properly inspect the tree. However, well-established principles limit liability for breach of a general statute or regulatory duty *(see, O'Connor v City of New York,* 58 NY2d 184, *rearg denied* 59 NY2d 762;

*Browne v Town of Hempstead,* 110 AD2d 102, 105, *appeal dismissed* 67 NY2d 647) unless the plaintiff can establish that a special duty of care is owed to her, even if the injury which results is a foreseeable one *(Browne v Town of Hempstead, supra).* A special duty can arise by a municipality assuming an obligation to protect a specific class of persons from a specific danger, which protection is relied upon by the plaintiff as a member of the class *(Browne v Town of Hempstead, supra).* The police regulations were intended to benefit injured persons, but in the broad sense of protecting all members of the general public similarly situated *(see, O'Connor v City of New York, supra,* at 190). This is insufficient to form a basis for municipal liability *(O'Connor v City of New York, supra).*

It is also well settled that a municipality cannot be held liable for injuries resulting from a failure to provide adequate police protection absent a special relationship existing between the municipality and the injured party *(Sorichetti v City of New York,* 65 NY2d 461, 468; *Florence v Goldberg,* 44 NY2d 189). "The elements of this 'special relationship' are: (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" *(Cuffy v City of New York,* 69 NY2d 255, 260, *mot to amend remittitur dismissed* 70 NY2d 667). In establishing the existence of a "special relationship", the record must show that the plaintiff relied on a promise, and that her reliance was causally related to the harm she suffered *(see, Cuffy v City of New York, supra).* In this case, the plaintiff's claims against the county and the Police Department are defeated by the absence of any promise given to her, upon which she relied, which jeopardized her safety. Mangano, J. P., Bracken, Eiber and Kunzeman, JJ., concur.