■ ROBERT F. HAUSER et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 64067.)—In an action to recover

damages for personal injuries, the claimants appeal from a judgment of the Court of Claims (Lengyel, J.), dated October 27, 1987, which, after a nonjury trial on the issue of liability, dismissed their claim against the State of New York.

Ordered that the judgment is affirmed, without costs or disbursements.

The injured claimant, a lineman for the New York Telephone Company, was injured while assisting in the removal of a telephone cable located above a highway. The cable fell prematurely into oncoming traffic, and the claimant was flung from the telephone pole. We agree with the trial court's determination that the State cannot be held liable to the claimant based upon an alleged violation of Labor Law §§ 240 and 241 (6) since the claimant failed to establish that the State was the owner of the work site (see generally, Allen v Cloutier Constr. Corp., 44 NY2d 290; Celestine v City of New York, 86 AD2d 592, affd 59 NY2d 938).

The court properly rejected the claimant's contention that Highway Law § 104 imposed a duty upon the State to close the highway under the circumstances present here. No evidence was offered that the State Department of Transportation had been notified of the Telephone Company's project. Furthermore, while the State must maintain its highways in a reasonably safe condition, this duty is imposed for the benefit of the traveling public, not for the benefit of the employees of an independent contractor who must look to their employer for protection (cf., Lopes v Rostad, 45 NY2d 617).

Finally, the claimant failed to establish the existence of a special duty on the part of the State Police which would operate to impose liability on the State for his injuries (see, e.g., Garrett v Holiday Inns, 58 NY2d 253). The evidence was undisputed that the State Trooper who arrived on the scene before the accident occurred was told by the company foreman that he would not be needed to stop traffic until later that morning when the cable was ready to be lowered. It is also undisputed that the incident occurred prior to the time agreed upon that the State Police would be needed to control traffic at the worksite. Bracken, J. P., Lawrence, Kooper and Sullivan, JJ., concur.