■ ARTHUR JONES et al., Plaintiffs, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. SCALA CONTRACTING Co., Third-Party Defendant-Appellant.—In an action to recover damages for personal injuries, etc., the third-party defendant appeals from a judgment of the Supreme Court, Kings County (Bernstein, J.), entered May 16, 1991, which, upon granting the third-party plaintiff's motion to set aside a jury verdict attributing 70% of the fault in the happening of the accident to it, dismissed its cross claim for contribution.

Ordered that the judgment is affirmed, with costs.

The plaintiff Arthur Jones was injured during the demolition of a building. Jones was employed by the third-party

defendant Scala Contracting Company (hereinafter Scala), which had entered into a contract with the defendant third-party plaintiff City of New York to perform the demolition work. Scala agreed, prior to trial, to pay Jones $120,000 in full settlement of the plaintiffs' claims against it. Simultaneously, Scala and the City stipulated that the issue of the apportionment of fault between them would be decided at a jury trial. Therefore, despite the fact that Scala was a third-party defendant and the City was a third-party plaintiff, the trial proceeded as though Scala were the plaintiff and the City were the defendant, since Scala had the burden of proving negligence by the City with respect to Jones. The jury returned a verdict, finding the City 70% at fault in the happening of the accident and Scala 30% at fault. Upon motion by the City, the trial court set aside the jury verdict, concluding that the City was not liable for negligence as a matter of law, and dismissed Scala's cross claim for contribution. We affirm.

It is well established that a municipality will not be held liable for its torts unless a duty is found running from the municipality to the injured individual (see, *Florence v Goldberg*, 44 NY2d 189, 194). Contrary to the contention of Scala, the situation at bar does not come within the parameters of the "imminent danger of collapse" ruling of *Runkel v City of New York* (282 App Div 173) since the City had already fulfilled its statutory duty to secure and demolish the unsafe building. Nor does the situation at bar come within the parameters of the "affirmative misrepresentation" ruling of *Smullen v City of New York* (28 NY2d 66) since the evidence adduced at trial indicated that the City inspector was not aware of the dangerous condition, did not have control over the performance of the work, and did not make any affirmative misrepresentations concerning the safety of the worksite. While Scala argues that the City is liable in tort due to a special relationship between the City and the injured plaintiff, Scala failed to demonstrate the existence of such a relationship. Scala essentially argues that the City breached a duty to the injured plaintiff by failing to perform a test which would have revealed the hazardous condition of the building. The testimony adduced at trial established that an exterior examination of the building would not have alerted the City inspector that such a test was necessary. Moreover, the performance of this test would not have constituted an affirmative undertaking by the City for the benefit of Jones. Scala, as the injured plaintiff's employer, had a duty to acquaint itself with the condition of the building for the benefit of the injured

plaintiff, pursuant to the information provided to the bidders. Nor did Scala prove that the building's unsafe condition was known to the City inspector so as to constitute proof of knowledge by the City of the unsafe condition. The testimony adduced at trial revealed that neither Scala nor the City inspector had noticed anything unusual in the building's structure. Nor did the visits of the City inspector to the worksite create a special duty on the City's part to the injured plaintiff. The testimony did not establish that the City inspector had misrepresented to the injured plaintiff that the building was safe, so as to induce reliance by him *(see, Cuffy v City of New York,* 69 NY2d 255, 260; *see also, Kircher v City of Jamestown,* 74 NY2d 251; *Garrett v Holiday Inns,* 58 NY2d 253; *O'Connor v City of New York,* 58 NY2d 184; *Isaksson v Rulffes,* 135 AD2d 611).

We further find that the trial court did not err in refusing to charge the jury that the City could be found liable pursuant to Labor Law §§ 200, 240, or 241, since there was no proof of the City's ownership of the building *(see, Hauser v State of New York,* 147 AD2d 615). Kooper, J. P., Sullivan, Lawrence and Rosenblatt, JJ., concur.