■ CHRISTINE F. PIZZOLORUSSO et al., Appellants, v INCORPORATED VILLAGE OF WESTHAMPTON BEACH, Respondent, et al., Defendant.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Cannavo, J.), entered January 10, 1990, as granted the motion of the defendant Incorporated Village of Westhampton Beach for summary

judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiffs' contentions, the record demonstrates that the accident which caused the injuries occurred within the geographic confines of the Town of Southampton, and not in the Incorporated Village of Westhampton Beach (hereinafter the Village). Accordingly, the Village owed the plaintiffs no duty of care to maintain that section of the road on which they were injured. Furthermore, the record is devoid of any proof that the Village assumed any duty to insure the plaintiffs' safety beyond its borders or that any special relationship existed giving rise to any special duty *(see, Sostre v City of New York Hous. Auth.,* 150 AD2d 766; *Bishop v Bostick,* 141 AD2d 487). Thus, there can be no liability on the part of the Village predicated upon its alleged negligence in the performance of its governmental duties *(see, Merced v City of New York,* 75 NY2d 798; *Isaksson v Rulffes,* 135 AD2d 611; *Browne v Town of Hempstead,* 110 AD2d 102). Thompson, J. P., Kunzeman, Miller and O'Brien, JJ., concur.