■ NELSON PIGOTT, Appellant, v STATE OF NEW YORK, Respondent. [605 NYS2d 446] —White, J. Appeal from an order of the Court of Claims (Margolis, J.), entered January 5, 1993, which denied claimant's motion for partial summary judgment on the issue of liability.

Claimant, a former inmate of Mt. McGregor Correctional Facility in Saratoga County who was a volunteer participating in a community services program (7 NYCRR 1901.1 [b]), sustained personal injuries when he fell from a roof he was repairing in the Town of Lake Luzerne, Saratoga County. Thereafter, he brought this claim against the State predicated upon, *inter alia,* Labor Law § 240 (1). Following completion of discovery, claimant moved for partial summary judgment on the issue of liability. The Court of Claims denied the motion, finding that Labor Law § 240 (1) did not apply to the State in these circumstances. We affirm.

In order to invoke the protection afforded by Labor Law § 240 (1), claimant must demonstrate that he was both permitted or suffered to work on a building or structure and that he was hired by someone, be it owner, contractor or their agent *(see, Mordkofsky v V.C.V. Dev. Corp.,* 76 NY2d 573). In this case, because claimant was participating in a community service program as a volunteer, he cannot claim the protection afforded by Labor Law § 240 (1) *(see, Whelen v Warwick Val. Civic & Social Club,* 47 NY2d 970, 971). This finding is consistent with Correction Law § 858 which limits the pertinent provisions of the Labor Law to inmates participating in work release programs.

Weiss, P. J., Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, without costs.