■ ROBERT D'ARGENIO et al., Respondents-Appellants, v VILLAGE OF HOMER, Appellant-Respondent, and FIRST RELIGIOUS SOCIETY, Respondent, et al., Defendant. [609 NYS2d 943] — Crew III, J. Cross appeals from an order of the Supreme Court (Monserrate, J.), entered January 25, 1993 in Cortland County, which, *inter alia,* partially granted defendant Village of Homer's motion for summary judgment dismissing the complaint against it.

Plaintiff Robert D'Argenio was an inmate of Camp Pharsalia in Chenango County participating in a community services release program *(see,* 7 NYCRR 1901.1 [b]). Camp Pharsalia provides crews to do voluntary maintenance and repair work for municipalities and nonprofit organizations. In the spring of 1990 defendant Village of Homer executed a community projects application requesting Camp Pharsalia to paint the Town gazebo located on the Village Green and owned by defendant First Religious Society (hereinafter the Church). The application was accepted and a Camp Pharsalia crew, of which D'Argenio was a member, began painting the gazebo. During the course of the work, D'Argenio was injured when he fell from a ladder.

D'Argenio and his wife thereafter commenced this personal injury action alleging negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). Plaintiffs moved for partial summary judgment on their Labor Law § 240 (1) cause of action and the Village and Church cross-moved for summary

judgment dismissing the complaint against them. In the alternative, the Church moved for conditional indemnity against the Village. Supreme Court granted defendants' cross motions for summary judgment dismissing plaintiffs' causes of action for common-law negligence and violations of Labor Law § 200, denied the parties' respective motions for summary judgment pursuant to Labor Law § 240 (1) and granted the Church's motion for summary judgment on its indemnification claim against the Village. These cross appeals ensued.

Initially, we note that while plaintiffs' notice of appeal reflects that they are appealing the dismissal of the negligence and Labor Law § 200 claims, these issues have not been raised in their brief and we deem them abandoned (see, *First Natl. Bank v Mountain Food Enters.*, 159 AD2d 900, 901).

In order to invoke the protections afforded by the Labor Law, D'Argenio had to "demonstrate that he was both permitted or suffered to work on a building or structure and that he was hired by someone, be it owner, contractor or their agent" (*Whelen v Warwic Val. Civic & Social Club*, 47 NY2d 970, 971). Here, the record is abundantly clear that D'Argenio was not hired by the Village or the Church. Accordingly, the only way in which D'Argenio might be considered an employee, for purposes of the Labor Law, is if it could be said that he was hired by the State as an agent of defendants. We reject that notion.

It has long been held that inmates who perform work at the direction of State officers are not employees subject to the protection of the Labor Law (see, *Fitzgerald v State of New York*, 28 Misc 2d 283, 285; *Duffy v State of New York*, 197 Misc 569, 573; *Gould v State of New York*, 196 Misc 488, 490; *Lee v State of New York*, 187 Misc 268, 280). Indeed, inmates have been held not to be employees of the State so as to come within the purview of the Workers' Compensation Law (see, *Matter of Reid v New York State Dept. of Correctional Servs.*, 54 AD2d 83, *lv denied* 42 NY2d 808) or the Civil Service Law (see, *Matter of Prisoners' Labor Union at Bedford Hills [Women's Div.] v Helsby*, 44 AD2d 707, *lv denied* 35 NY2d 641). Inmates are confined to correctional institutions by commitment subject to the rules and regulations thereof, including the obligation of performing work. They are never at such institutions voluntarily in the relationship of employer-employee. Moreover, the Legislature has provided for a number of temporary release programs (see, Correction Law § 851) but has limited the application of the Labor Law to inmates participating in work release programs (see, Correction Law

§ 858). The failure of the Legislature to include community services release programs within Correction Law § 858 indicates that its exclusion was intended *(see, Pajak v Pajak,* 56 NY2d 394, 397; McKinney's Cons Laws of NY, Book 1, Statutes § 74).

Finally, participation in a community services release program requires the application of the inmate *(see,* Correction Law § 855 [2]) and is a privilege revocable at any time *(see,* Correction Law § 855 [6], [9]). Furthermore, by participating in a temporary release program, the inmate agrees to be bound by the terms and conditions of the program *(see,* Correction Law § 855 [6]). Inasmuch as the purpose of Camp Pharsalia's community services release program was to provide volunteer work in the community for nonprofit organizations *(see,* Correction Law § 851 [5]; 7 NYCRR 1901.1 [b] [1], [3]; 1903.1 [e] [5]), D'Argenio was working as a volunteer and cannot claim the protection afforded by the Labor Law *(see, Pigott v State of New York,* 199 AD2d 734). Accordingly, plaintiffs' complaint should be dismissed in its entirety.*

Cardona, P. J., Mikoll, Casey and Weiss, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motions of defendants Village of Homer and Homer Congregational Church regarding the first, second and fifth causes of action in the complaint; motions granted to that extent, summary judgment awarded to defendants and said causes of action are dismissed; and, as so modified, affirmed.

---

* Where, as here, the record on appeal demonstrates the absence of any triable issue of fact, this Court has the power to grant summary judgment even to a nonappealing party *(Chamberlain v Town of Portville,* 177 AD2d 996, 997, *lv denied* 80 NY2d 752; *see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-111).