■ BOARD OF EDUCATION, EASTCHESTER UNION FREE SCHOOL DISTRICT, Appellant, v NATIONWISE EXTERMINATING AND DEODORIZING, INC., Defendant, and COUNTY OF WESTCHESTER, Respondent. [627 NYS2d 768] —In an action, *inter alia,* to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered March 18, 1994, which granted the motion of the defendant County of Westchester to dismiss the complaint insofar as it is asserted against it for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The defendant Nationwise Exterminating and Deodorizing, Inc. (hereinafter Nationwise) allegedly misapplied pesticide chemicals at the plaintiff's high school which led to the illness of the students and faculty. Thereafter, the defendant County of Westchester closed the school, and directed and supervised the cleanup of the chemicals. The plaintiff subsequently brought an action to recover damages grounded in negligence against the County and Nationwise.

The Supreme Court properly granted the County's motion to dismiss the complaint against it. While the complaint alleges that the County took action to clean up the chemicals in order to preserve and protect the public health, that allegation does not demonstrate a "special relationship" between the plaintiff and the County necessary to overcome the County's sovereign immunity from claims of negligence *(see, Cuffy v City of New York,* 69 NY2d 255; *Miller v State of New York,* 62 NY2d 506; *Isaksson v Rulffes,* 135 AD2d 611). Similarly, the complaint fails to state causes of action for indemnification and restitution against the County. The actual wrongdoer is the defendant Nationwise which allegedly misapplied the chemicals, and the plaintiff should pursue the foregoing causes of action against it *(see, Trustees of Columbia Univ. v Mitchell/ Giurgola Assocs.,* 109 AD2d 449; *City of New York v Keene Corp.,* 132

Misc 2d 745, *affd* 129 AD2d 1019). Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.