■ RICHARD BROWN, Respondent, v DOROTHY MUTHIG, as President of the Sullivan County Farm Bureau, et al., Appellants. [632 NYS2d 688] —Peters, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered July 5, 1994 in Sullivan County, upon a verdict rendered in favor of plaintiff.

Plaintiff, a correction officer at Sullivan Correctional Facility in Sullivan County, supervised various inmate work gangs as part of the facility's work program. Pursuant to a project request by defendant Cornell Cooperative Extension Association of Sullivan County (hereinafter the Association), plaintiff was overseeing a work gang at the 4-H camp in Claryville. During such activity, he fell off a ladder and sustained injuries. He thereafter commenced an action alleging common-law negligence and a violation of Labor Law § 240. At the close of trial, Supreme Court directed a verdict in favor of plaintiff on the Labor Law § 240 cause of action and proceeded to a determination of damages. Defendants appeal.

Defendants first contend that, inasmuch as the Association is an unincorporated association formed pursuant to County Law § 224 (8) (b), they are immune from liability pursuant to Labor Law § 240. While we agree that individual liability against Association members is limited to instances of their actual fault or negligence (see, County Law § 224 [8] [b]), and that liability under the Labor Law is vicarious, we do not find the provisions of County Law § 224 (8) (b) to preclude this action against the Association since judgment would be rendered solely against its funds or property (see, County Law § 224 [8] [b]).

While mindful that Labor Law § 240 is to be liberally construed for the purpose of protecting workers (see, Gordon v Eastern Ry. Supply, 82 NY2d 555; Rocovich v Consolidated Edison Co., 78 NY2d 509; Pigott v State of New York, 199 AD2d 734), defendants assert that plaintiff was not an "employee" pursuant to the statute. We disagree. While a prison inmate who performs work at the direction of State officers would not be an employee subject to the protection of the Labor Law (D'Argenio v Village of Homer, 202 AD2d 883), plaintiff here remained an employee of the Department of Correctional Services throughout his oversight of this project.

Mercure, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.