■ JEFFREY B. BRENNAN et al., Respondents-Appellants, v 3785 SOUTH PARK, INC., et al., Appellants-Respondents. 3785 SOUTH PARK, INC., et al., Third-Party Plaintiffs-Respondents, v NEW YORK TELEPHONE COMPANY, Third-Party Defendant-Appellant-Respondent. [662 NYS2d 664] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying that part of the motion of defendants 3785 South Park, Inc. (South Park), and Ilio DiPaolo, Inc. (DiPaolo), and that part of the cross motion of defendant Kirst Construction, Inc. (Kirst), for summary judgment dismissing the Labor Law § 240 (1) cause of action and in granting plaintiffs' cross motion for partial summary judgment on that cause of action against South Park and DiPaolo. Jeffrey B. Brennan (plaintiff), a field technician employed by third-party defendant, New York Telephone Company (New York Telephone), was injured when he fell from a ladder while replacing a temporary transmission line running from New York Telephone's cable to a restaurant owned by DiPaolo. The ladder was situated on a public sidewalk owned by the Village of Blasdell, and it rested against a cable owned by New York Telephone. Because neither DiPaolo nor South Park, the owner of the land occupied by the restaurant, owned the sidewalk or the cable and transmission line being repaired at the time of the accident and neither acted in the capacity of an owner, neither defendant is liable as an owner within the meaning of Labor Law § 240 (1) (*see, Fuller v Niagara Mohawk Power Corp.*, 213 AD2d 986, *lv*

*denied* 86 NY2d 708; *Hauser v State of New York*, 147 AD2d 615, 616). Although Kirst was hired to build an addition to the restaurant, the work being performed by plaintiff was not within the scope of the contract between Kirst and DiPaolo, and Kirst had no contractual authority to control the activities. Thus, Kirst is entitled to summary judgment dismissing that cause of action against it (*see, Valentin v Thirty-Four Sq. Corp.*, 227 AD2d 467). We modify the order by granting that part of the motion of South Park and DiPaolo and that part of the cross motion of Kirst for summary judgment dismissing the Labor Law § 240 (1) cause of action and by denying plaintiffs' cross motion for partial summary judgment on that cause of action. (Appeals from Order of Supreme Court, Erie County, Rath, Jr., J.—Summary Judgment.) Present—Green, J. P., Lawton, Wisner, Balio and Boehm, JJ.