■ RICKY D. PEGLOW et al., Appellants, v L & A BUILDERS, Respondent and Third-Party Plaintiff. TOWN OF PARIS et al., Third-Party Defendants-Respondents, et al., Third-Party Defendant. [674 NYS2d 202] —Order insofar as appealed from unanimously reversed on the law with costs, motions denied, complaint reinstated and third-party complaint against Town of Paris and Saquoit Consolidated Water District reinstated. Memorandum: Supreme Court erred in granting the motion of defendant, the general contractor, for summary judgment dismissing the complaint and the motion of Town of Paris and Saquoit

Consolidated Water District (third-party defendants) for summary judgment dismissing the third-party complaint against them. Defendant and third-party defendants did not meet their burden of establishing as a matter of law that Ricky D. Peglow (plaintiff) was not "employed" at defendant's construction project within the meaning of Labor Law § 240 (1) and § 241 (6). That term is broadly defined to "include[ ] permitted or suffered to work" (Labor Law § 2 [7]), and encompasses "all workers on the job" (*Kirkpatrick v Diversified Sports*, 216 AD2d 891, 892; *see, Haimes v New York Tel. Co.*, 46 NY2d 132, 137; *see also, Brown v Muthig*, 220 AD2d 898). Triable issues of fact remain whether plaintiff's work was part of defendant's construction project (*see, Mosher v St. Joseph's Villa*, 184 AD2d 1000, 1002; *Cox v LaBarge Bros. Co.*, 154 AD2d 947, *lv dismissed* 75 NY2d 808) or outside the scope of that project (*see, Brennan v 3785 S. Park*, 242 AD2d 929, *lv denied* 91 NY2d 812; *Root v County of Onondaga*, 174 AD2d 1014, *lv denied* 78 NY2d 858).

We do not address the issue whether defendant's liability under Labor Law § 240 (1) may be predicated upon the collapse of an excavation trench. That issue was not raised at Supreme Court or on appeal (*see, Collucci v Collucci*, 58 NY2d 834, 837). (Appeal from Order of Supreme Court, Oneida County, Murad, J.—Summary Judgment.) Present—Green, J. P., Pine, Hayes, Callahan and Fallon, JJ.